# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDERICK WASHINGTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 07-247-RAW-KEW ) |
| GREG PROVINCE, Warden, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, challenges his loss of 365 earned credits resulting from a prison disciplinary proceeding at Jess Dunn Correctional Center in Taft, Oklahoma.

The record shows that when a locker search was conducted on August 15, 2006, prison staff found a can containing a substance testing positive for marijuana. Petitioner was issued an Offense Report on August 18, 2006, for Possession of Contraband. During the investigation petitioner asked for two witnesses who could state that the substance did not belong to him. Witness statements from the two inmates were prepared and presented to the hearing officer. After the investigation was completed, a hearing was held on August 22, 2006, with petitioner present. The hearing officer found petitioner guilty and imposed punishment, based on his possession of illegal substances in a penal institution in violation of DOC policy and state law. Petitioner appealed to the facility head and DOC director, but he was denied final administrative relief on November 6, 2006. He next filed a petition for

judicial review in the state district court, which was denied. *Washington v. Okla. Dep't of Corr.*, No. CJ-06-9948 (Okla. County Dist. Ct. Mar. 1, 2007). The Oklahoma Court of Criminal Appeals affirmed, finding petitioner received due process in his misconduct proceedings and was not entitled to relief. *Washington v. Okla. Dep't of Corr.*, No. PC-2007-338, slip op. at 2 (Okla. Crim. App. July 12, 2007).

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

A review of the record indicates the requirements of *Wolff* were met in plaintiff's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United*

*States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 2nd day of April 2009.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE